UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CROWDSTREET, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> BDR CAPITAL, LLC, a Washington limited liability company, fna BDR CAPITAL PARTNERS, LLC <br><br> Defendant. | NO. _____ <br><br> **COMPLAINT FOR BREACH OF CONTRACT** |

COMES NOW Plaintiff, CrowdStreet, Inc., a Delaware corporation ("CrowdStreet"), by and through its undersigned counsel for this matter, Fox Rothschild LLP, and for its Complaint alleges as follows:

### I.  PARTIES

1.  Plaintiff CrowdStreet, Inc., is a Delaware corporation with its principal place of business in Austin, Texas. Plaintiff is a citizen of Delaware and Texas.

2.  Defendant BDR Capital, LLC, fka BDR CAPITAL PARTNERS, LLC ("BDR"), is a Washington Limited Liability Company with its principal place of business at 11100 Main Street, Suite 201, Bellevue, Washington 98004. Upon information and belief, Defendant BDR is a citizen of Washington.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

4. Venue in this judicial district and this Court is proper pursuant to 28 U.S. Code § 1391(b) and (c) because Defendant BDR resides and/or a substantial part of the events or omissions giving rise to the claim occurred in Bellevue, Washington.

5. This Court has personal jurisdiction over Defendant BDR because Defendant BDR resides and does business in this district and has purposefully availed itself of the benefits of doing business in the State of Washington, by advertising and promoting goods and services to the residents of Washington State and by causing injury to CrowdStreet.

## III. FACTUAL ALLEGATIONS

6. CrowdStreet is an online commercial real estate investing platform that facilitates and enables access to a real estate investor technology platform that functions as a marketplace of commercial and multifamily real estate deals.

7. CrowdStreet provides various services to its customers, including services that enable them to post summaries and details of private offerings to be securely accessed by a customer's existing or prospective investors directly from the customer's website.

8. On or around October 27, 2017, Defendant BDR, though its founder and chairman, Todd R. Bennett, entered into a Sponsor Direct Proposal ("Proposal") with CrowdStreet.

9. The Proposal outlined the terms and conditions of CrowdStreet providing professional services to Defendant BDR in conjunction with the Sponsor Direct License Agreement ("Agreement"), which, upon information and belief, the parties also executed on October 27, 2017, and which is incorporated into the Proposal via paragraph 6.

10. By executing the Proposal and the Agreement, Defendant BDR agreed to pay CrowdStreet certain fees for its professional services and products, including, but not limited

to, a one-time implementation fee as well as an annual subscription fee. The Agreement explicitly provides that Defendant BDR's payment obligations are non-cancellable and the fees are non-refundable.

11. Paragraph 17 of the Agreement requires an award of fees and costs to the prevailing party in this litigation.

12. On or around December 13, 2019, Defendant BDR by and through its Manager, Todd R. Bennett, entered into a Marketplace Services Agreement (the "MSA") with CrowdStreet.

13. The MSA outlined the terms and conditions for Defendant's BDR's use of CrowdStreet's commercial real estate investor technology platform ("Marketplace").

14. By executing the MSA, Defendant BDR agreed to abide by the terms of the MSA and further agreed to pay CrowdStreet certain fees for the use of the Marketplace and the services purchased on or through its CrowdStreet account.

15. On or around December 13, 2019, Defendant BDR further entered into a CrowdStreet Marketplace Proposal ("MSA Proposal"). By executing the MSA Proposal and the MSA, Defendant BDR agreed to pay certain fees for its professional services and products, including, but not limited to, a nonrefundable on-boarding fee, a one-time solution deployment fee, as well as an annual solution fee.

16. Paragraph 11 of the MSA requires BDR to pay the attorney fees and costs that CrowdStreet incurs enforcing the MSA.

17. CrowdStreet has fully performed its obligations under, has fully complied with, and has fulfilled all conditions precedent pursuant to, the terms and conditions of the Proposal, the Agreement, the MSA, and the MSA Proposal.

18. Defendant BDR used CrowdStreet's professional services and products, including, but not limited to the Marketplace, to raise money in conjunction with various real

estate investment offerings it advertised, promoted, solicited and funded using the Marketplace and other CrowdStreet's professional services and products.

19. Defendant BDR has raised over $3.12 million dollars using the Marketplace and other CrowdStreet's professional services and products, including through an investment offering identified as Sonata at Columbia Station.

20. Defendant BDR has failed to pay to CrowdStreet for its professional services and products as required by the terms and conditions of the Proposal, the Agreement, the MSA, and the MSA Proposal.

21. Defendant BDR owes CrowdStreet $196,352.06 pursuant to the terms and conditions the Proposal, the Agreement, the MSA, and the MSA Proposal.

### IV. CAUSE OF ACTION: BREACH OF CONTRACT—AGREEMENT

22. Plaintiff restates the allegations in Paragraph 1-21 of the Complaint.

23. The Proposal and Agreement are valid and enforceable contracts entered into by Defendant BDR and CrowdStreet.

24. CrowdStreet has fully performed its obligations under, has fully complied with, and has fulfilled all conditions precedent, pursuant to the terms and conditions of the Proposal, and the Agreement.

25. Defendant BDR failed to pay CrowdStreet for its professional services and products in contravention of the terms of the Proposal and the Agreement.

26. Defendant BDR's non-payment of fees to CrowdStreet constitutes a material breach of the terms and conditions of the Proposal and the Agreement.

27. CrowdStreet has been damaged in an amount to be proven at trial but in no event less than $43,352.06, plus pre- and post-judgment interest.

### V. CAUSE OF ACTION: BREACH OF CONTRACT—MSA

28. Plaintiff restates the allegations in Paragraph 1-27 of the Complaint.

29. The MSA, and the MSA Proposal are valid and enforceable contracts entered

into by Defendant BDR and CrowdStreet.

30. CrowdStreet has fully performed its obligations under, has fully complied with, and has fulfilled all conditions precedent, pursuant to the terms and conditions of the MSA and the MSA Proposal.

31. Defendant BDR failed to pay CrowdStreet for its professional services and products in contravention of the terms of the MSA and the MSA Proposal.

32. Defendant BDR's non-payment of fees to CrowdStreet constitutes a material breach of the terms and conditions of the MSA and the MSA Proposal.

33. CrowdStreet has been damaged in an amount to be proven at trial but in no event less than $153,000.00 plus pre- and post-judgment interest.

## VI.   PRAYER FOR RELIEF

Plaintiff CrowdStreet, Inc. requests a judgment as follows:

1. Judgment against Defendant BDR an amount to be proven at trial but in no event less than $196,352.06, plus pre- and post-judgment interest;

2. An award of all attorney's fees and costs and expenses of litigation pursuant to any and all applicable contractual provisions, statute, common law, or recognized ground in equity.

3. Such other relief as this Court deems just and equitable.

DATED this 23rd day of December, 2022.

FOX ROTHSCHILD LLP

*s/ Wendy E. Lyon*
Wendy E. Lyon, WSBA No. 34461
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Telephone: 206.624.3600
Facsimile: 206.389.1708
E-mail: wlyon@foxrothschild.com

*s/ Jon S. Bogdanov*
Jon S. Bogdanov, WSBA No. 52857
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Telephone: 206.624.3600
Facsimile: 206.389.1708
E-mail: jbogdanov@foxrothschild.com

*Attorneys for Plaintiff*