UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CROWDSTREET, INC., <br><br>                    Plaintiff, <br><br>         v. <br><br> BDR CAPITAL, LLC, <br><br>                    Defendant. | CASE NO. C22-1820 MJP <br><br> ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Default Judgment. (Dkt. No. 10.) Having reviewed the Motion, the Response to the Court's Order to Show Cause (Dkt. Nos. 14, 15) and all supporting materials, the Court GRANTS the Motion and directs entry of default judgment in Plaintiff's favor on the terms specified in this Order.

I. BACKGROUND

Plaintiff CrowdStreet, Inc. alleges that BDR Capital, LLC has failed to pay for CrowdStreet's professional services in violation of two contracts entered into between the entities. (Complaint ¶¶ 6-33 (Dkt. No. 1).) CrowdStreet seeks $196,352.06 in damages, plus pre- and post-judgment interest, along with attorneys' fees and costs. (Id. Prayer for Relief ¶¶ 1-2.)

After properly serving BDR, CrowdStreet sought and obtained entry of default. (Dkt. Nos. 4, 6, 9.) CrowdStreet now asks the Court to enter default judgment in the principle sum of $224,671.06 together with its attorney's fees and costs in the amount of $16,900.89, with post-judgment interest accruing at a rate of 12% per annum. (Mot. at 1-2.) CrowdStreet does not ask for an award of pre-judgment interest. (Id. at 2. n1.)

## II.  ANALYSIS

A court's decision to enter a default judgment is discretionary. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

Id. at 1471-72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

As an initial matter, the Court reviews whether it has subject matter jurisdiction over this action. CrowdStreet alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) because the parties are diverse and the amount in controversy exceeds $75,000. While the Court is satisfied that the amount in controversy exceeds $75,000, it had concerns about the diversity of the parties. The Court ordered CrowdStreet to identify the members of the Defendant LLC so that it can be sure that there is complete diversity given that an LLC "is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 2

F.3d 894, 899 (9th Cir. 2006); (Order to Show Cause (Dkt. No. 13)). The Court is now satisfied that there is complete diversity given the evidence that Defendant's members are citizens of Washington.

The Court finds that the Eitel factors all weigh in favor of entry of default judgment in Plaintiff's favor. First, CrowdStreet has demonstrated that without entry of default judgment, it will be prejudiced by being unable to obtain compensation for the bargained-for services it provided BDR. Second, the Court finds merit in the claims presented, and as supported through the declarations submitted and the detailed allegations in the complaint. Third, the sum of money at stake is substantial. Fourth, there does not appear to be a likelihood of disputed facts. Fifth, there is no evidence that BDR's failure to appear and respond is due to excusable neglect. Sixth, although the Federal Rules of Civil Procedure favor resolution of disputes through active litigation, there is no way to meet this goal given BDR's failure to respond and contest this matter. The Eitel factors here favor entry of default judgment.

The Court is satisfied that the evidence presented shows that BDR owes CrowdStreet $224,671.06 for services BDR utilized pursuant to two separate agreements. (See Declaration of Tyler Levy ¶¶ 22-27 (Dkt. No. 11).) The Court also finds that post-judgment interest should be awarded, but not at the rate requested. CrowdStreet cites to Washington's post-judgment interest rate as being the proper measure. But "[a]s a general rule, '[i]n diversity actions, state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law.'" Citicorp Real Est., Inc. v. Smith, 155 F.3d 1097, 1107 (9th Cir. 1998) (quoting AT&T Co. v. United Computer Systems, Inc., 98 F.3d 1206, 1209 (9th Cir. 1996)). Federal law might not apply if the parties contractually agreed to a specific postjudgment interest rate. See id. But here, CrowdStreet identifies no provision in the contracts at issue that specifies that Washington's post-

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 3

judgment rates apply or that 12% is the proper rate. Accordingly, the Court awards postjudgment interest at the rate set forth in 28 U.S.C. § 1961.

The Court also finds CrowdStreet's request for attorneys' fees and costs to be appropriate. Plaintiffs are also entitled to attorneys' fees under the relevant criteria outlined in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70, abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992):

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. CrowdStreet's counsel has supported each of these factors in her declaration. (See Declaration of Wendy Lyon (Dkt. No. 2.) The Court finds that the time spent, the rates requested and the amounts billed to CrowdStreet support an award of $16,200.50 in attorneys' fees and $700.39 in costs.

### III.  CONCLUSION

The Court GRANTS the Motion for Default Judgment. The Court directs entry of default judgment in CrowdStreet's favor in the principle sum of $224,671.06, and an additional $16,900.89 in attorneys' fees and costs. Postjudgment shall be awarded at the rate set forth in 28 U.S.C. § 1961.

Dated this 6th day of April, 2023.

Marsha J. Pechman
United States Senior District Judge